LUCINDA EDDY v. WILLIAM COURTRIGHT.

*Intoxicating liquors—Civil damage act—Action by parent—*
*Pleading.*

1. The language of section 20 of Act No. 313, Laws of 1887, which gives a right of action to every wife, child, parent, guardian, husband, or other person who shall be injured in person or property or means of support or otherwise by any intoxicated person, or by reason of the intoxication of any person, etc., is broad enough to include the mother of an adult son, with whom she lived, and who has voluntarily supported her, which support is cut off by reason of his death.

2. Aid voluntarily furnished a mother by an adult son out of a sense of filial duty is as much her "means of support," within

the meaning of the section cited, as it would be if furnished through fear of an action·by the superintendents of the poor of the county under the statute.

3. In a suit by a mother against a saloon-keeper to recover damages for injury to her means of support caused by the death of an adult son, to whom the defendant had sold liquor contrary to law, the declaration averred that for 26 years the plaintiff had been living with the son, and during that time had obtained and received her support from him, of the value of, to wit, $500 per year; and that the defendant, unjustly and wrongfully intending to injure the plaintiff, and to deprive her of her means of support so by her received, and to have been received, of and from her said son, committed the acts complained of as alleged, and, by means of the alleged unlawful sales of liquor, contributed to the drunkenness of the son, and to the loss by plaintiff of her means of support by her to have been received but for the intoxication of the son; and concluded with a general averment of damages. And it is held that the averments are sufficiently definite to show a loss by the plaintiff resulting from the wrongful act of the defendant.

4. The declaration averred that the son, while drunk and intoxicated as aforesaid, by reason thereof, and because he was intoxicated, while attempting to cross a certain lake in a skiff or boat, was drowned, and then and there died, and that his death would not have happened if he had not become intoxicated upon the liquor so as aforesaid sold, given, furnished, and delivered to him by the defendant. And it is held that by said averments it is made certain to a common intent that the son met his death by reason of falling into the lake named from a skiff and drowning, and that his intoxication produced this result; and that certainty to a common intent is sufficient; citing *Merkle v. Bennington Township*, 68 Mich. 141; *Weiss v. Whittemore*, 28 Id. 366; *Truesdale v. Hazzard*, 2 Id. 344.

Error to Newaygo. (Palmer, J.) Submitted on briefs March 4, 1892. Decided April 8, 1892.

Case. Plaintiff brings error. Reversed, and record remanded, with leave to defendant to plead under the rule. The facts are stated in the opinion.

*Turner, Turner & Turner,* for appellant.

*George Luton (E. L. Gray,* of counsel), for defendant.

MONTGOMERY, J. This action is brought to recover for an injury alleged to have been occasioned to plaintiff by means of the defendant having unlawfully sold intoxicating liquors to her son, James Eddy, thereby producing the intoxication of her said son, who by reason of his intoxication was drowned.

The defendant demurred to the declaration, alleging as grounds of demurrer—

1. That the damages averred are too remote.

2. That the declaration fails to state how the son of plaintiff was drowned, and by what means.

3. That, the declaration averring that the son was upwards of 21 years of age, no part of his earnings belonged to the plaintiff, unless her support by the son has been required by order of court, which is not alleged.

4. That the declaration does not allege that the son contributed to the plaintiff any definite sum for her support.

The demurrer was sustained by the circuit judge, and plaintiff appeals.

The 1st, 3d, and 4th of the grounds alleged may be considered together, as each depends upon the construction to be given to the statute. The declaration does allege "that for 26 years the plaintiff had been living with her son, and during said time had obtained and received her support from him, which was of great value to her, to wit, $500 per annum; that the defendant, unjustly and wrongfully intended to injure the plaintiff, and to deprive her of her means of support so by her received, and to have been received, of and from her said son," committed the acts complained of as alleged; and then proceeds to charge that the defendant, by means of the unlawful sales alleged, "contributed to the drunkenness of said James Eddy, and to the loss by said

plaintiff of her means of support by her to have been received but for the intoxication of her said son as aforesaid," and concludes with a general averment of damages. These averments are certainly sufficiently definite to show a loss by the plaintiff resulting from the wrongful act of defendant, if it be held that the action is given by the statute to a person standing in the relation to the person intoxicated which the plaintiff in this case sustained.

The statute (Act No. 313, Laws of 1887, § 20) provides:

"Every wife, child, parent, guardian, husband, or other person who shall be injured in person or property or means of support or otherwise by any intoxicated person, or by reason of the intoxication of any person, or by reason of the selling, giving, or furnishing any spirituous, intoxicating, fermented, or malt liquors to any person, shall have a right of action in his or her own name against any person or persons who shall, by selling or giving any intoxicating or malt liquor, have caused or contributed to the intoxication of such person or persons, or who have caused or contributed to such injury."

It will be seen that the language of the statute is broad enough to include the present plaintiff. She is the parent of the intoxicated person, and is injured in her means of support by his death.

This Court has always construed this statute liberally, and has not deemed that the true legislative intent was to be ascertained by any strained or narrow construction of the words employed.

In *Clinton v. Laning*, 61 Mich. 355, the father sued for damages occasioned by the defendant having contributed to the drunkenness of plaintiff's adult son, by means of which the son became helpless, and the father thereupon assumed his care. It was contended that the father could not recover until he showed that an order had been

made requiring the plaintiff to support the son; but the Court held otherwise, even though in that case the father's damages were dependent upon the right given to one injured in his property.

In *Brockway v. Patterson*, 72 Mich. 126, it was held that under this statute it was not necessary to show that the death of the intoxicated person was a probable consequence of his intoxication, but that under the broad language of the statute any person injured in the manner stated by a person while intoxicated may recover, even though the injury inflicted may not be such as might reasonably be expected. This ruling was supported by *Neu v. McKechnie*, 95 N. Y. 632; *King v. Haley*, 86 Ill. 106; and was reiterated in *Thomas v. Dansby*, 74 Mich. 398, and again in *Doty v. Postal*, 87 Id. 143. These cases are referred to to illustrate that the Court has uniformly given the language of this act a liberal construction, as well as to answer the suggestion of defendant's counsel that the damages resulting to plaintiff are too remote, because the death of James Eddy could not have been foreseen by the defendant. It was also held in *Brockway v. Patterson* that, even though a widow was not in express terms named in the statute, the language "or other person" should be held to include the injured widow.

Under the averments of this declaration the parent who was in fact injured in her means of support is given a right of action. We do not think the intent was to limit the right to those who were cut off from a means of support which could be legally exacted or enforced, but that the language is sufficiently broad to cover the case of the present plaintiff.

The only case which we find in which a parent's right to recover under the civil damage act has been

denied, bearing any analogy to the present case, is *Veon v. Creaton*, 138 Penn. St. 48 (20 Atl. Rep. 865), which case is clearly distinguishable, for the reason that the statute of Pennsylvania only gave the right to one injured in person or property, and does not give a right of recovery to one who was injured in his or her means of support. Our statute is broader, and under its terms, if a parent or other person is *in fact* injured in their means of support, a cause of action is given. The loss to the present plaintiff is quite as serious if the support given her by her son when living was induced rather by a sense of filial duty than because of fear of an action by the superintendents of the poor; and the aid given her is none the less her " means of support " in the one case than in the other.

The objection that the manner of James Eddy's death is not alleged with sufficient particularity cannot be sustained. It is averred that—

"Upon the afternoon of the 20th day of October, 1889, at the village of Newaygo, in the county of Newaygo aforesaid, said James Eddy, continuing to be and while drunk and intoxicated aforesaid, by reason thereof, and because he was intoxicated, then and there, while attempting to cross what is known as 'Pickerel Lake' in a skiff or boat, was drowned, and then and there died, and which said death of James Eddy would not have happened if he had not become intoxicated upon the liquor so as aforesaid sold, given, furnished, and delivered to him by the said defendant."

By this it is made certain to a common intent that James Eddy met his death by reason of falling into Pickerel lake from a skiff and drowning, and that his intoxication produced this result; and certainty to a common intent is sufficient. *Merkle v. Bennington Township*, 68 Mich. 141; *Truesdale v. Hazzard*, 2 Id. 344; *Weiss v. Whittemore*, 28 Id. 366.

The judgment will be reversed, with costs to the

plaintiff in this Court and costs of demurrer in the court below, and the cause remanded, with leave to defendant to plead to the declaration under the rule.

The other Justices concurred.