## HOLLAND v. EATON.

1. LIMITATION OF ACTIONS—ACTION—STATUTES.

   A limitation period contained in a statute creating a right of action is construed as a limitation on the right itself as the various exceptions or savings provisions of the general statute of limitations on personal actions do not then effect a tolling of the limitation period, the general statute of limitations being considered a limitation of remedy, not a limitation of right.

2. SAME—DRAMSHOP ACT.

   The insertion of a 2-year period of limitation within which to bring an action under the dramshop act, an act in derogation of the common law, provides an exclusive right and remedy which must be strictly construed (CL 1948, § 436.22, as amended by PA 1958, No 152).

3. SAME—CONSTRUCTION OF STATUTES.

   The intent of the legislature, in including a time limitation on bringing suit in a statute creating a right, is that the savings provisions of the general statute of limitations are not applicable unless expressly included.

---

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 34 Am Jur, Limitation of Actions §§ 37 *et seq.*, 45.
[2, 4] 30 Am Jur, Intoxicating Liquors § 546.
When statute of limitations applies to action under dramshop or civil damage act. 55 ALR2d 1286.
[5] 50 Am Jur, Statutes § 217.

4. SAME—CONSTRUCTION OF STATUTES—DRAMSHOP ACT.

>   The omission of the phrase "and not thereafter" in time limitation within which to bring an action contained in dramshop act *held*, not to indicate a legislative intent to apply the savings provisions of the general statute of limitations (CL 1948, § 436.22, as amended by PA 1958, No 152).

5. STATUTES—CONSTRUCTION.

>   An affirmative statute which directs that a thing be done in a certain manner, requires that it not be done in any other manner even though there are no negative words.

6. COSTS—CONSTRUCTION OF STATUTES—DRAMSHOP ACT—LIMITATION OF ACTIONS.

>   No costs are allowed on appeal in cases involving a construction of a clause in the dramshop act limiting the time within which an action may be brought thereunder, a matter of statutory construction being involved (CL 1948, § 436.22, as amended by PA 1958, No 152).

Appeal from Branch; Andrews (Mark S.), J. Submitted October 10, 1963. (Calendar Nos. 20–23, Docket Nos. 50,062–50,065.) Decided May 4, 1964.

Case by Shirley Holland against Grant Eaton, Jr., doing business as Grand Hotel, Calvin Manifold, doing business as Alibi Bar, and others under the civil damage provision of the liquor control act for damages sustained in automobile collision caused by intoxicated driver. Similar actions by Shirley Holland, as administratrix of the estate of Roy Robert Holland, deceased, as guardian of the estate of Steven Holland, a minor, and as guardian of the estate of Cheryl Holland, a minor. Actions dismissed on motions. Cases consolidated on plaintiffs' appeals. Affirmed.

*James A. Brisbois* (*Peter F. Cicinelli* and *Eugene D. Mossner*, of counsel), for plaintiffs.

*Richard F. Biringer*, for defendants Eaton and others.

*Stapleton, Adams, Burgie & Kidston (Roger G. Kidston,* of counsel), for defendant Manifold.

Kavanagh, C. J. In these 4 cases, consolidated on appeal, plaintiffs appeal from orders granting defendants' motions to dismiss. The grounds for these motions were that the actions were barred by the 2-year limitation in the Michigan civil damage act[1] on the time within which suits under the act must be brought.

Plaintiff Shirley Holland and the estates of her 3 minor children commenced these actions in Branch circuit court on February 14, 1962, by filing declarations alleging joint and several liability of defendant liquor licensees under the civil damage act, popularly known as the dram shop act, for injuries incurred in an automobile collision which allegedly occurred on February 8, 1960.

The declarations assert as the basis for defendants' liability the following allegations: Plaintiff Shirley Holland and 2 of her minor children, ages 2 and 4, were injured and 1 of her children, age 6, was killed as a result of a collision on highway US-27 in Branch county between the car in which they were traveling and a car driven by one Harold Raymond Powers of Angola, Indiana. The immediate cause of the collision was allegedly the negligent crossing of the center line of the highway by the Powers auto.

Plaintiffs allege that at the time of the accident Powers was intoxicated, that his intoxication was a proximate cause of the collision, and that his intoxication was caused and intensified by alcoholic beverages served him by defendant bar owners contrary to the provisions of the dram shop act.

Prior to the instant actions, a suit brought by plaintiff Shirley Holland in Saginaw circuit court

---

[1] CL 1948, § 436.22, as amended by PA 1958, No 152 (Stat Ann 1959 Cum Supp § 18.993).

on June 13, 1960, against Powers, to which the present defendants were joined as parties defendant on motion of plaintiff, was dismissed as to the present defendants in October, 1961, and March, 1962, without prejudice on grounds of lack of valid service on, and lack of jurisdiction over, the present defendants, none of whom met the validity of service test of CLS 1956, § 613.27 (Stat Ann 1959 Cum Supp § 27.-757), of being residents of the county in which suit was brought. Defendant Powers, apparently validly served as a nonresident motorist under CLS 1961, §§ 257.403, 257.403a, as amended (Stat Ann 1960 Rev §§ 9.2103, 9.2103[1]), was dismissed on stipulation and not made a party to the second suit because of "an amicable adjustment of the differences between plaintiff Shirley Holland and Harold Raymond Powers."

In the instant suits, defendants, without answering the declarations, moved to dismiss on the grounds that plaintiffs, having commenced suit 2 years and 6 days after the collision, were precluded from recovery by the 2-year limitation period added to the dram shop act by legislative amendment in 1958.[2] The provision reads:

"Any action shall be instituted within 2 years after the happening of the event."

On objection to the motions to dismiss and on appeal, plaintiffs admit that the usual rule is that a limitation period contained in a statute creating a right of action is construed as a limitation on the right itself. *Bement* v. *Grand Rapids & I. R. Co.,* 194 Mich 64 (LRA 1917E, 322); *Bigelow* v. *Otis,* 267 Mich 409. The effect of this is that the various exceptions or savings provisions of the general stat-

[2] PA 1958, No 152.

ute of limitations on personal actions[3] do not effect a tolling of the limitation period as they do in application to the general statute of limitations, which is considered not a limitation of right but one only of remedy. Plaintiffs argue, however, that for various reasons the several savings provisions do apply to the present cases.

It can be said at the outset of this discussion that all 4 of these actions would have qualified under various of the savings provisions in effect at the time if these provisions were applicable. The mother's action was commenced within 1 year after her original suit was dismissed, not on the merits, as required by CL 1948, § 609.19 (Stat Ann § 27.611). The suits by the estates of the 2 surviving children, through their guardian (mother), were brought within the period of their minority plus the particular statutory period as required by CL 1948, § 609.15 (Stat Ann § 27.607). The suit by the estate of the deceased child was instituted within 2 years after the date of granting of letters testamentary (September 22, 1961), as required by CL 1948, § 609.18 (Stat Ann § 27.610).

It is true, as plaintiffs suggest, that prior to the 1958 insertion of a time limitation in the dram shop act, the general statute of limitations, with its attendant savings provisions, as applicable to tort actions, effected the only statutory time limitation on suits under the dram shop act. Plaintiffs insist that, for reasons of public policy and on the strength of certain rules of statutory construction, the proper interpretation of the 1958 amendment leads to the conclusion that the legislature intended to remove the dram shop act from application of the general statute of limitations only to the extent of the basic statutory period (thereby reduced from 3 to 2 years), and not

[3] CL 1948 and CLS 1956, §§ 609.13–609.29 (Stat Ann and Stat Ann 1959 Cum Supp §§ 27.605–27.621).

in derogation of the equity-dictated remedy-saving
provisions.

Policy considerations in view of changing circum-
stances could be strongly determinative of this
Court's direction, as recently they were in a New
Jersey case,[4] in considering abrogation of the com-
mon-law rule of lack of liability of liquor licensees
for injuries to third persons or their property by
an intoxicated person. Since, however, the legisla-
ture has acted in the area by enactment of a statute
in derogation of the common-law rule, the right and
remedy created by the statute are exclusive (*Thur-
ston* v. *Prentiss,* 1 Mich 193; *Craig* v. *Butler,* 9 Mich
21; *In re Quinney's Estate,* 287 Mich 329) and the
statute, though remedial, must be strictly construed
(*In re Appeal of Black,* 83 Mich 513). Therefore,
the force of policy considerations aimed at reducing
highway carnage caused by intoxication cannot gov-
ern our judicial function of discerning the intent
of the legislature; it could only motivate us to long
and deliberate study, through recognized rules of
statutory construction, of the question of legislative
intent.

It has long been a rule well-settled in Michigan
that the intent of the legislature, in including a time
limitation on bringing suit in a statute creating a
right, is that the savings provisions of the general
statute of limitations are not applicable unless ex-
pressly included. *Bement* v. *Grand Rapids & I. R.
Co., supra; Bigelow* v. *Otis, supra.* Plaintiffs con-
tend that this rule has been modified by *White* v.
*Michigan Consolidated Gas Co.,* 352 Mich 201. How-
ever, as the trial court in the instant case indicated,
the *White Case* is distinguished from this case in
that the Court there applied a savings clause of the
general statute of limitations, by reason of policy

---

[4] *Rappaport* v. *Nichols,* 31 NJ 188 (156 A2d 1, 75 ALR2d 821).

considerations, to modify the compensable period created by the workmen's compensation act, rather than to extend the period within which any action must be commenced. It is the dissenting opinion (pp 214, 219) in the *White Case* which properly states the general rule.

Plaintiffs further point out, however, the language of the limitation provision does not contain the usual appendage of "and not thereafter," and that this omission is indicative of the legislative intent not to preclude application of the savings provisions of the general statute of limitations. A Federal district court has ruled that the omission of this phrase from the time limitation in the Federal employees liability act indicates the lack of a plain command, and that this was one of several factors leading the court to the opinion that equitable estoppel for fraud should apply to extend the time limitation period.[5] However, it is a rule in Michigan that

"if an affirmative statute, which is introductive of a new law, directs a thing to be done in a certain manner, that it shall not, even though there are no negative words, be done in any other manner." *Brooks* v. *Hill,* 1 Mich 118, 123.

This rule must prevail over that in the Federal case in which the reason above stated was only 1 of 7 factors leading to decision.

In light of the above, it is clear that our construction of the time limitation period in the dram shop act must lead us to only 1 conclusion, namely, that the intent of the legislature was to exclude the application to suits under the dram shop act of the savings provisions of the general statute of limitations.

Therefore, the trial court did not err in granting defendants' motions to dismiss. The orders of dis-

---

[5] *Toran* v. *New York, N. H. & H. R. Co.* (D Mass), 108 F Supp 564.

missal are affirmed. No costs, matters of statutory construction being involved.

DETHMERS, KELLY, BLACK, SOURIS, SMITH, and O'HARA, JJ., concurred.

ADAMS, J., took no part in the decision of this case.