LeGAULT *v.* KLEBBA.
KLEBBA *v.* MAZURE.

1. Intoxicating Liquors—Common Law—Torts.

At common law, there was no action available against those who sold intoxicants to a person who later caused injury.

2. Same—Statutes.

Recovery for injury caused by an intoxicated person is exclusively statutory (CLS 1961, § 436.22).

3. Same—Statutes—Construction.

The statute allowing recovery for injury caused by an intoxicated person, although remedial, must be strictly construed (CLS 1961, § 436.22).

4. Statutes—Construction—Expressio Unius Est Exclusio Alterius.

The basic principle of statutory construction, *expressio unius est exclusio alterius*, indicates a legislative intent not to create liability outside the extent to which the legislature has acted.

5. Intoxicating Liquors—Construction of Statutes—Expressio Unius Est Exclusio Alterius.

Application of the basic principle of statutory construction, *expressio unius est exclusio alterius*, prohibits the allowance of recovery for injury caused by an intoxicated person, except

---

References for Points in Headnotes

[1] 30 Am Jur, Intoxicating Liquors § 520.
[2] 30 Am Jur, Intoxicating Liquors §§ 520, 525.
[3] 30 Am Jur, Intoxicating Liquors § 526.
[4] 50 Am Jur, Statutes §§ 244–246.
[5] 30 Am Jur, Intoxicating Liquors §§ 525, 526; 50 Am Jur, Statutes §§ 244–246.
[6] 30 Am Jur, Intoxicating Liquors §§ 520, 521, 525, 526, 537.
[7] 30 Am Jur, Intoxicating Liquors §§ 520, 525, 526, 529, 537, 545, 546.

as provided by statute, any enlargement of such remedy being within the province of the legislature, not the courts (CLS 1961, § 436.22).

6. SAME—SOCIAL GUESTS—·LIABILITY OF PRIVATE INDIVIDUALS.

Private individuals are not liable for the actions of their social guests who over-indulge in the liquid hospitality provided at private homes or parties.

7. SAME—LIABILITY OF PRIVATE INDIVIDUALS—SOCIAL GUESTS—AUTO-MOBILES—SUMMARY JUDGMENT.

Summary judgment dismissing third-party complaint of liquor licensee from whom plaintiff claimed damages because of death of plaintiff's son through negligent operation of an automobile by one to whom liquor licensee had sold intoxicating beverages while already under the influence thereof, which third-party complaint sought contribution from private persons who allegedly caused such intoxication through alleged negligence in furnishing excessive amounts of intoxicating beverages to such person, *held* proper, since recovery for injury caused by an intoxicated person is exclusively statutory, and under the applicable statute private individuals have no liability for the actions of their social guests who over-indulge in liquid hospitality provided at private homes or parties (CLS 1961, § 436.22).

Appeal from Huron; Bach (Arthur M.), J.  Submitted Division 2 April 4, 1967, at Lansing.  (Docket No. 2,488.)  Decided October 3, 1967.

Complaint by Raymond LeGault against Frank Klebba, doing business as Half-Way Tavern, for damages because of the death of his son caused through defendant's sale of intoxicating beverages to a person already under the influence of intoxicants.  Third-party complaint by defendant against John Mazure, Emma Mazure, John Gosdzinski, and Irene Gosdzinski for contribution as a result of negligence in causing such intoxication through furnishing the person with excess amounts of intoxicating beverages.  Summary judgment for third-

party defendants.    Third-party plaintiff Klebba appeals.

Affirmed.

*Okrent, Baun & Vulpe,* for third-party plaintiff.

McGregor, J.   On a spring evening in 1964, Leonard Gosdzinski allegedly became intoxicated at a private wedding reception, sponsored by the third-party defendants, the appellees herein.   Upon leaving the reception, he stopped at the tavern owned by the appellant and consumed a shot of whiskey.   The appellant claims Mr. Gosdzinski was loud and belligerent at the tavern and that he sold him a drink just to get rid of him.   If the appellant indeed desired to have Mr. Gosdzinski leave the establishment, he was successful, for he soon departed in his auto.   However, he did not go far, as he was fatally injured a short time later in a head-on collision.   Gary Lee LeGault, the 18-year-old son of the original plaintiff in this action was the driver of the other automobile involved in the head-on collision, and was killed instantly.

This action was initiated by the father of Gary LeGault against the appellant, under section 22 of the Michigan liquor control act, CLS 1961, § 436.22 (Stat Ann 1965 Cum Supp § 18.993), often referred to as the dramshop act.   The appellant moved to bring in the appellees as third-party defendants on the theory that any intoxication of Leonard Gosdzinski was accomplished at the wedding reception sponsored by the appellees and, therefore, they should be responsible for Mr. Gosdzinski's actions under the rules of common-law negligence.   The trial court allowed the motion, heard arguments on the merits of the third-party action, and gave summary judg-

ment of no cause of action as to the third-party defendants-appellees.

At common law, there was no action available against those who sold intoxicants to a person who later caused injury. 30 Am Jur, Intoxicating Liquors, § 520 at p 821; 48 CJS, Intoxicating Liquors, § 430 at p 716; annotation, 75 ALR2d 835. In Michigan, recovery for such injury caused by an intoxicated person is exclusively statutory; *Holland* v. *Eaton* (1964), 373 Mich 34; *Kangas* v. *Suchorski* (1964), 372 Mich 396; and though remedial, the statute must be strictly construed. *Holland* v. *Eaton,* *supra.* An effort to enlarge the statute was aptly commented upon by the Michigan Supreme Court in *Malone* v. *Lambrecht* (1943), 305 Mich 58, 62:

"The statute does not so provide. Whether such a provision should be embodied in our statute is within the province of the legislature, not the courts."

And the basic principle of construction—*expressio unius est exclusio alterius*—indicates a legislative intent not to create liability outside the extent to which it has acted. While some courts have given a more liberal interpretation to dramshop statutes as to commercial vendors of intoxicants in order to follow the spirit of the law (see *Waynick* v. *Chicago's Last Department Store* [CA 7, 1959], 269 F2d 322), or even applied common-law negligence against commercial liquor vendors (*Rappaport* v. *Nichols* [1959], 31 NJ 188 [156 A2d 1, 75 ALR2d 821]), we can find no cases where private individuals were held liable in like manner. It is not the law that private individuals are liable for the actions of their social guests who over-indulge in the liquid hospitality provided at private homes or parties.

The judgment of the trial court is affirmed. Costs to appellees.

QUINN, P. J., and MILLER, J., concurred.