## BEHNKE v. PIERSON

1. INTOXICATING LIQUORS—SOCIAL OCCASIONS—HOST.

> Furnishing liquor without gain on social occasions creates no right of action against the host if one who is so furnished ·causes injury.

2. INTOXICATING LIQUORS—INJURY—STATUTE—DRAMSHOP ACT.

> Recovery for injury caused by an intoxicated person from those who furnished liquor to him is exclusively statutory (MCLA § 436.22).

Appeal from Kent, Claude Vander Ploeg, J. Submitted Division 3 January 9, 1970, at Grand Rapids. (Docket No. 7,235.)     Decided January 29, 1970. Leave to appeal September 22, 1970.   384 Mich 757.

Complaint by Norma Behnke, for herself and as executrix of the estate of Clarence W. Behnke, deceased, against Fred W. Pierson, Sr., and Fred W. Pierson, Jr., partners doing business as M & T Manufacturing Company, for the death of Clarence Behnke which resulted when his automobile was struck in the rear by another driver who had been furnished alcoholic beverages by defendants. Summary judgment for defendants. Plaintiff appeals. Affirmed.

---

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 45 Am Jur 2d, Intoxicating Liquors § 561 et seq.

*Warner, Norcross & Judd (Jerome M. Smith, of* counsel), for plaintiff.

*Cholette, Perkins & Buchanan (Edward D. Wells,* of counsel), for defendants.

Before: V. J. Brennan, P. J., and R. B. Burns and T. M. Burns, JJ.

Per Curiam. Plaintiff's deceased husband's automobile was struck from the rear by Edward Blair, an employee of defendant company. Death of plaintiff's husband resulted from the accident. Blair had participated in a company holiday party in the afternoon preceding the accident; alcoholic beverages were provided by the company and Blair admittedly consumed bottles of beer. The complaint alleges that defendant company furnished intoxicating liquor, caused the intoxication of Blair, furnished intoxicating liquor to Blair after he was intoxicated and when defendants knew or should have known that they were endangering lives, and knew or should have known that Blair would drive his automobile. This appeal is from a summary judgment of no cause of action as to defendants-appellees.

This Court is asked to decide whether or not the complaint states a cause of action against defendants under the common law or the civil damage act.

The general rule is that furnishing liquor without gain on social occasions creates no right of action against the host. 8 ALR3d 1413, § 2.

Michigan follows this general rule. *LeGault* v. *Klebba* (1967), 7 Mich App 640.

*LeGault* held that there was no action available against those who gave intoxicants to a person who later caused injury. In Michigan, recovery for such injury caused by an intoxicated person is exclusive-

ly statutory.[1, 2]     The statute makes no provision for holding private individuals liable for furnishing intoxicants without pecuniary gain for social courtesy or hospitality reasons.     In this case, the holiday beverages were dispensed for no pecuniary gain and for social and hospitable enjoyment.

Affirmed.   Costs to defendants.

---

[1] MCLA § 436.22 (Stat Ann 1957 Rev § 18.993).
[2] *But see Hollerud* v. *Malamis* (1969), 20 Mich App 748.