THAUT v FINLEY

1. INTOXICATING LIQUORS—PENAL CODE—MINORS—CIVIL LIABILITY.

 The Penal Code provision which prohibits any person from will-
 fully giving or furnishing alcoholic beverages to a minor does
 not create a civil liability in favor of a third person, injured by
 an intoxicated minor, against the person who furnished the
 alcoholic beverages to the minor (MCLA 750.141a).

2. INTOXICATING LIQUORS—SOCIAL FUNCTIONS—MINORS.

 A host is not liable for injuries caused by an intoxicated minor
 who was furnished the intoxicants at a social function.

Appeal from Arenac, Carl L. Horn, J. Submitted
Division 3 May 8, 1973, at Grand Rapids. (Docket
No. 15197.) Decided May 25, 1973. Opinion on
rehearing filed November 30, 1973, reported in 50
Mich App.

Complaint by Daniel Thaut, administrator of the
estate of Marta Sue Thaut, against John Finley,
Charles Finley, Ed Dittenber, Alice Dittenber, and
James S. Aites for damages resulting from an
automobile accident. Summary judgment for de-
fendants Ed Dittenber and Alice Dittenber. Plain-
tiff appeals. Affirmed. Reversed on rehearing, see
50 Mich App.

*Leitson, Dean, Dean, Segar & Hart, P. C.* (by
*Leonard B. Shulman),* for plaintiff.

*Otto & Otto,* for defendants Dittenber.

*Isackson & Neering, P. C.* (by *Stanley Zimos-
trad),* for defendants Finley.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 45 Am Jur 2d, Intoxicating Liquors §§ 265–275.

*Smith & Brooker, P. C.* (by *James W. Tarter),* for defendant Aites.

Before: DANHOF, P. J., and McGREGOR and MILES,* JJ.

McGREGOR, J. Plaintiff appeals the granting of summary judgment to two of the five defendants in this cause, Ed Dittenber and Alice Dittenber.

The facts here are straightforward and undisputed. The reception which followed the wedding of the defendants Dittenber's son, on June 27, 1970, was attended by many people, some of whom were minors. Both alcoholic and non-alcoholic beverages were served at no charge to the reception guests. Bartenders had been instructed not to serve alcoholic beverages to minors, but minors did obtain alcoholic beverages. One of the guests, defendant Charles Finley, a 20-year-old minor, consumed a large quantity of beer between the time of his arrival at and departure from the reception. It is disputed whether or not this minor became intoxicated at the reception, but it is assumed that he did become intoxicated before leaving the reception, at 2:15 a.m. When defendant Charles Finley left the reception, he drove a car owned by his father, John Finley, with Marta Sue Thaut as a passenger. Within a short distance, Charles Finley was involved in two collisions, one of which was with an automobile driven by defendant James S. Aites; Marta Sue Thaut died as a result of injuries received in the collisions.

Defendants Charles Finley, John Finley, and James Aites were sued on theories of negligence and gross negligence; these claims are not in issue on this appeal. Ed Dittenber and Alice Dittenber

* Circuit judge, sitting on the Court of Appeals by assignment.

were sued in a claim grounded on common-law negligence, but based on a violation of a penal statute, which prohibits the furnishing of alcoholic beverages to minors, in pertinent part as follows:

"Sec. 141a. Any person, who willfully gives or furnishes any alcoholic beverage to a minor except upon authority of and pursuant to a prescription of a duly licensed physician, shall be guilty of a misdemeanor." MCLA 750.141a; MSA 28.336(1).

Plaintiffs contend that the violation of this penal statute creates a civil liability. Defendants Dittenber moved for summary judgment on the ground that there was no duty as a matter of law. The trial judge granted this motion and dismissed the complaint against the defendants Dittenber.

This Court is asked to determine if a violation of a Penal Code provision, MCLA 750.141a; MSA 28.336(1), which prohibits any person from wilfully giving or furnishing alcoholic beverages to a minor, creates a civil law liability in favor of a third person, injured by an intoxicated minor, against the person or persons who furnished those alcoholic beverages to the minor.

This issue appears to be one of first impression in this state. Neither party could find a case directly in point, nor could this Court find such Michigan case after extensive research.

Plaintiff emphasizes that this claim is grounded on common-law negligence, and that cases decided under the dramshop act, MCLA 436.20; MSA 18.991, have no applicability because that act applies only to persons licensed to sell intoxicating beverages.

Several Michigan cases have dealt with the situation where an adult becomes intoxicated at a private social gathering, causes injury or death in

an automobile accident resulting from his intoxication, where the party injured by the intoxicated person in the accident then files suit against the hosts of the social function, alleging in the claim that the hosts were legally responsible for the intoxication of their guests and the consequences thereof. See *LeGault v Klebba,* 7 Mich App 640 (1967); *Behnke v Pierson,* 21 Mich App 219 (1970).

In *LeGault,* a guest allegedly became intoxicated at a private wedding reception. After leaving the reception, the intoxicated guest consumed a shot of whiskey at a tavern; upon leaving the tavern, this intoxicated person became involved in an automobile accident in which both he and the driver of the other car were killed. The father of the driver of the other car brought suit against the owner of the tavern, who then sought to bring in as third party defendants the hosts of the wedding reception for allegedly causing the intoxication of the person who caused the fatal accident. The tavern owner contended that the wedding reception hosts were legally responsible, under the rules of common-law negligence. The trial court granted summary judgment in favor of the third party defendants, the hosts at the wedding reception. On appeal, this Court discussed the issue as follows:

"At common law, there was no action available against those who sold intoxicants to a person who later caused injury. 30 Am Jur, Intoxicating Liquors, § 520 at p 821; 48 CJS, Intoxicating Liquors, § 430 at p 716, annotation, 75 ALR2d 835. In Michigan, recovery for such injury caused by an intoxicated person is exclusively statutory; *Holland v Eaton* (1964), 373 Mich 34; *Kangas v Suchorski* (1964), 372 Mich 396; and though remedial, the statute must be strictly construed. *Holland v Eaton, supra.* An effort to enlarge the statute was aptly commented upon by the Michigan Supreme Court in *Malone v Lambrecht* (1943), 305 Mich 58, 62:

" 'The statute does not so provide. Whether such a provision should be embodied in our statute is within the province of the legislature, not the courts.'

"And the basic principle of construction—*expressio unius est exclusio alterios*—indicates a legislative intent not to create liability outside the extent to which it has acted. While some courts have given a more liberal interpretation to dramshop statutes as to commercial vendors of intoxicants in order to follow the spirit of the law (see *Waynick v Chicago's Last Department Store* [CA 7, 1959], 269 F2d 322), or even applied common-law negligence against commercial liquor vendors (*Rappaport v Nichols* [1959], 31 NJ 188 [156 A2d 1, 75 ALR2d 821]), *we can find no cases where private individuals were held liable in like manner. It is not the law that private individuals are liable for the actions of their social guests who over-indulge in the liquor hospitality provided at private homes or parties.*" (Emphasis added.)

This issue was also considered in *Behnke v Pierson, supra:*

"This Court is asked to decide whether or not the complaint states a cause of action against defendants under the common law or the civil damage act.

"*The general rule is that furnishing liquor without gain on social occasions creates no right of action against the host. 8 ALR3d 1413, § 2.*

"*Michigan follows this general rule. LeGault v Klebba* (1967), 7 Mich App 640." (Emphasis added.)

The issue in the instant case is whether the general rule is applicable if the person served at a social function is a minor, in violation of the statute which prohibits the furnishing of any alcoholic beverage to a minor.

The trial court properly granted summary judgment to defendants Dittenber in this case. If the Michigan legislature had intended to create any civil liability for serving intoxicating beverages to minors, the creation of such civil liability could easily have been designated in the statute. It does

not seem reasonable to infer the existence of any absolute form of civil liability simply because a penal statute has been violated. To quote a passage from Judge LEVIN's opinion in *Hollerud v Malamis,* 20 Mich App 748, 758–759 (1969):

"In *LeGault v Klebba* [supra], our Court held that one who hosts a party has no liability for injuries caused by an intoxicated guest. Concern has been expressed that recognizing liability for ordinary negligence in dispensing liquor might be too fruitful a source of litigation. * * *

"Nevertheless, having in mind our function as an intermediate appellate court, we do not think that we would be justified in announcing liability for *ordinary* negligence in this sector of the law completely independent of a statute prescribing a standard of care. The announcement in opposition to a large generally accepted body of precedent of new rules of law, without precedent (other than analogies) in any common-law jurisdiction (excepting only the one case referred to * * * ) must be left to final courts of review."

The Michigan Penal Code, MCLA 750.141a; MSA 28.336(1), as amended, effective September 6, 1963, in its concise wording clearly indicates that the legislators had no intention to create any civil liability thereby. In the instant situation, it would have been determinative for the legislators to insert and include that any person who furnished intoxicating beverages to a minor, in violation of this law, would be civilly responsible for any consequential injury to person or property. This is interpreting the meaning of a statutory violation.

If a host is to be held liable for injuries caused by an intoxicated minor, who was furnished the intoxicants at a social function, such a provision should be embodied in our statutes. It is within the province of the legislators to do so, not the Courts.

Affirmed.

All concurred.