WESTCOAT v MIELKE

Docket No. 50186. Submitted June 1, 1981, at Lansing.—Decided July 27, 1981. Leave to appeal applied for.

Max Westcoat brought an action in the Arenac Circuit Court against Wilford and Virginia Mielke for damages sustained in an automobile accident which occurred after plaintiff, who was a social guest of defendants, was forced to leave defendants' home in an intoxicated condition. The court, Carl L. Horn, J., granted summary judgment for failure to state a claim for which relief could be granted. Plaintiff appeals. *Held:*

There is no cause of action against a social host by a guest who injures himself in an automobile accident after being forced by the host to leave in an intoxicated condition.

Affirmed.

1. APPEAL — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM — COURT RULES.

The Court of Appeals accepts as true all of the plaintiff's factual allegations and conclusions when reviewing a summary judgment granted for failure to state a claim upon which relief may be granted; the test is whether the plaintiff's claim is so clearly unenforceable as a matter of law that no factual development of those allegations and conclusions would result in recovery (GCR 1963, 117.2[1]).

2. TORTS — INTOXICATING LIQUORS — ACTIONS.

There is no cause of action against a social host by a guest who injures himself in an automobile accident after being forced by the host to leave in an intoxicated condition.

*Seymour Berger,* for plaintiff.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 853.
[2] 45 Am Jur 2d, Intoxicating Liquors § 561.
  Common law liability of persons furnishing intoxicating liquor for injury of death of consumer, outside coverage of civil damage acts. 54 ALR2d 1152.

*Isackson, Neering & Quinn, P.C.* (by *Larry E. Kivela*), for defendants.

Before: BEASLEY, P.J., and M. J. KELLY and N. A. BAGULEY,* JJ.

M. J. KELLY, J. In this appeal we are asked to review the potential liability of defendants-appellees Wilford and Virginia Mielke, whose alleged negligence in forcing the plaintiff, while intoxicated, to leave their home and attempt to drive his automobile was said to have caused an accident and subsequent injuries to the plaintiff. The trial court granted defendants' motion for summary judgment on the basis that plaintiff had failed to state a claim upon which relief could be granted, GCR 1963, 117.2(1).[1] The facts in this case thus consist of the pleadings filed by the parties.

Plaintiff's complaint alleged that on or about October 23, 1976, while visiting the defendants' home, he consumed excessive amounts of alcoholic beverages provided by defendants. Plaintiff became visibly intoxicated while at the defendants' home, and defendants allegedly forced him to leave their home by way of his automobile. After leaving defendants' home, plaintiff lost control of his vehicle and was involved in a one-car accident from which he suffered severe head and other personal injuries.

When reviewing a lower court decision to grant a motion for summary judgment under GCR 1963, 117.2(1), we will accept as true the well-pleaded

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] In granting defendants' motion for summary judgment, the trial court stated from the bench:

"I don't believe a higher court in Michigan has yet said a social host has liability under any test that I know of regardless of what happened, and therefore, I will grant the motion."

factual allegations of the plaintiff. *Pontious v E W Bliss Co,* 102 Mich App 718, 721; 302 NW2d 293 (1981). Once established as true, we must then determine whether the plaintiff's claim is so clearly unenforceable as a matter of law that no factual development supporting the pleadings could justify a right to recovery. *Pontious, supra, Casualty Reciprocal Exchange v Vancil,* 100 Mich App 284, 286; 299 NW2d 49 (1980).

On appeal, plaintiff-appellant contends that the trial court improperly granted the motion for summary judgment, because "defendants were guilty of wanton and wilful acts of negligence in permitting, condoning, and, in fact, forcing plaintiff to drive his automobile after having knowingly caused plaintiff to become inebriated". We have reviewed the plaintiff's complaint and can find no support for the conclusion that gross or wilful and wanton negligence was alleged below. We thus proceed to determine if the plaintiff's complaint, alleging a cause of action arising in ordinary negligence, was properly dismissed pursuant to GCR 1963, 117.2(1).

In *LeGault v Klebba,* 7 Mich App 640; 152 NW2d 712 (1967), this Court heard an appeal from the plaintiff, alleging error in the trial court's decision to give summary judgment of no cause of action against a similar claim. The appellees in *LeGault* had been brought in as third-party defendants by the principal defendant, a tavern owner, under a theory that the third-party defendants contributed to the intoxicated condition of a patron of defendant's bar, who later was involved in an accident with the plaintiff. The Court summarized the remedies available against the defendant bar owner and third-party defendants (private wedding reception hosts):

"At common law, there was no action available against those who sold intoxicants to a person who later caused injury. 30 Am Jur, Intoxicating Liquors, § 520, p 821; 48 CJS, Intoxicating Liquors, § 430, p 716; Anno, 75 ALR2d 835. In Michigan, recovery for such injury caused by an intoxicated person is exclusively statutory; *Holland v Eaton,* 373 Mich 34 [127 NW2d 892 (1964)]; *Kangas v Suchorski,* 372 Mich 396 [126 NW2d 803 (1964)]; and though remedial, the statute must be strictly construed. *Holland v Eaton, supra.* An effort to enlarge the statute was aptly commented upon by the Michigan Supreme Court in *Malone v Lambrecht,* 305 Mich 58, 62 [8 NW2d 910 (1943)]:

" 'The statute does not so provide. Whether such a provision should be embodied in our statute is within the province of the legislature, not the courts.'

"* * * It is not the law that private individuals are liable for the actions of their social guests who over-indulge in the liquid hospitality provided at private homes or parties." 7 Mich App 640, 643.

See also *Hollerud v Malamis,* 20 Mich App 748, 758; 174 NW2d 626 (1969) ("Nevertheless, having in mind our function as an intermediate appellate court, we do not think that we would be justified in announcing liability for ordinary negligence in this sector of law completely independent of a statute prescribing a standard of care.") (Footnotes ommited, emphasis changed.) A similar analysis was used in *Behnke v Pierson,* 21 Mich App 219, 220-221; 175 NW2d 303 (1970):

"This Court is asked to decide whether or not the complaint states a cause of action against defendants under the common law or the civil damage act.

"The general rule is that furnishing liquor without gain on social occasions creates no right of action against the host. 8 ALR3d 1413, § 2.

"Michigan follows this general rule. *LeGault v Klebba,* 7 Mich App 640 [152 NW2d 712 (1967)].

"*LeGault* held that there was no action available against those who gave intoxicants to a person who later caused injury. In Michigan, recovery for such injury caused by an intoxicated person is exclusively statutory. The statute makes no provision for holding private individuals liable for furnishing intoxicants without pecuniary gain for social courtesy or hospitality reasons." (Footnotes omitted.)

Finally, see *Guitar v Bieniek,* 402 Mich 152, 167; 262 NW2d 9 (1978), describing the motivation for imposing liability on liquor retailers as "totally inapplicable to a social setting in which the alcohol is supplied as a mere social amenity".

We view the above authorities as directly applicable to the instant case. The plaintiff's action arising in negligence is neither permitted under the dramshop act, MCL 436.1 *et seq.;* MSA 18.971 *et seq.,* nor recognized at common law. Additionally, we concur with the opinion of Judge (now Justice) LEVIN in *Hollerud* that recognition of a nonstatutory cause of action on behalf of this plaintiff and others similarly situated must await a decision by the Supreme Court. We hold, therefore, that the trial court's decision to grant the defendant's motion for summary judgment was not in error.

Affirmed.