Faustino ROJAS and Maria Rojas, surviving parents of Miguel Rojas, decedent; and Ruben Garcia, Jr., Plaintiffs–Appellants,

v.

ENGINEERED PLASTIC DESIGNS, INC., Defendant–Appellee.

No. 02CA0551.

Colorado Court of Appeals, Div. V.

March 13, 2003.

Schuetze & Gordon, LLP, Robert A. Schuetze, Glenn F. Gordon, Boulder, Colorado, for Plaintiffs–Appellants.

Dickinson, Everstine & Prud'Homme, LLP, Michelle R. Prud'Homme, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge NIETO.

Plaintiffs, Faustino and Maria Rojas, as surviving parents of Miguel Rojas, and Ruben Garcia, Jr., appeal the summary judgment entered in favor of defendant, Engineered Plastic Designs, Inc. (EPD). We affirm.

EPD maintained a room on its premises where it kept a keg of beer, a television, and a pool table. Officers and employees of EPD used the room for social gatherings after work.

After completing work for the day, an EPD employee came to this room and consumed beer with other employees and officers of EPD. The employee then left EPD's premises in his own vehicle. The employee's vehicle collided with a vehicle driven by Miguel Rojas and in which Garcia was a passenger. Miguel Rojas died, and Garcia was injured in the accident. These facts are not disputed by the parties.

Plaintiffs asserted claims against EPD for wrongful death, negligent supervision, and outrageous conduct. Plaintiffs later moved to amend the complaint to add a negligence claim.

EPD moved for summary judgment, arguing that it did not owe a legal duty to plaintiffs, and therefore, plaintiffs' negligence claims should be dismissed. EPD also argued that plaintiffs' outrageous conduct claim should be dismissed because plaintiffs' allegations cannot constitute outrageous conduct as a matter of law. The trial court agreed and entered summary judgment dismissing all of plaintiffs' claims.

The trial court did not rule on plaintiffs' motion to amend their complaint. However, the court considered plaintiffs' negligence claim in ruling on defendant's motion for summary judgment and thus necessarily granted the motion to amend. Accordingly, we will address the trial court's dismissal of

plaintiffs' claims including the negligence claim.

An order granting summary judgment is reviewed de novo. Summary judgment is a drastic remedy and should be granted only when the pleadings, affidavits, depositions, or admissions establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *Hyden v. Farmers Insurance Exchange,* 20 P.3d 1222 (Colo.App. 2000). In reviewing a motion for summary judgment, we must view the evidence in the light most favorable to the nonmoving party. *Cissell Manufacturing Co. v. Park,* 36 P.3d 85 (Colo.App.2001).

## I.

Plaintiffs contend that the trial court erred by dismissing their wrongful death, negligence, and negligent supervision claims because the facts could show that EPD negligently provided beer to its employee and negligently supervised the employee after he became intoxicated. EPD argues that these claims are barred by § 12–47–801, C.R.S. 2002. We agree with EPD.

Initially, we note that the trial court, relying on *Biel v. Alcott,* 876 P.2d 60 (Colo.App. 1993), granted EPD's summary judgment motion because it concluded that EPD had no duty to supervise its employee after he left EPD's premises. We do not reach this issue because we conclude that plaintiffs' claims are barred by § 12–47–801.

Section 12–47–801 provides, in pertinent part, that:

(1) The general assembly hereby finds, determines, and declares that this section shall be interpreted so that any common law cause of action against a vendor of alcohol beverages is abolished and that in certain cases the consumption of alcohol beverages rather than the sale, service, or provision thereof is the proximate cause of injuries or damages inflicted upon another by an intoxicated person except as otherwise provided in this section.

. . . .

(3)(a) No licensee is civilly liable to any injured individual or his or her estate for any injury to such individual or damage to any property suffered because of the intoxication of any person due to the sale or service of any alcohol beverage to such person, except when [otherwise provided in this section].

. . . .

(4)(a) No social host who furnishes any alcohol beverage is civilly liable to any injured individual or his or her estate for any injury to such individual or damage to any property suffered, including any action for wrongful death, because of the intoxication of any person due to the consumption of such alcohol beverages, except when [otherwise provided in this section].

The exceptions in the statute are not applicable here.

Before the enactment of § 12–47–801 (previously codified at § 12–47–128.5), the common law permitted negligence claims against alcohol beverage vendors. However, the supreme court had never extended this kind of negligence claim to social hosts. Since the enactment of § 12–47–801, "the liability of alcohol vendors and social hosts has been strictly a creature of statute in Colorado," and § 12–47–801 provides the exclusive remedy for the negligent provision of alcohol beverages by vendors or social hosts. *Charlton v. Kimata,* 815 P.2d 946, 948–49 (Colo. 1991).

Section 12–47–801(1), C.R.S.2002, states that "in certain cases" the proximate cause of injuries inflicted by intoxicated persons is the consumption of alcohol beverages rather than the sale, service, or provision of such beverages "except as otherwise provided in this section." The legislative intent of § 12–47–801(1) is to shift the responsibility for drinking alcohol from the vendor or provider to the consumer of alcohol beverages. The "certain cases" are all cases except those where § 12–47–801(3) and (4), C.R.S.2002, provide a cause of action. *Sigman v. Seafood Ltd. Partnership I,* 817 P.2d 527 (Colo. 1991). Thus, § 12–47–801(3) and (4) provide

the only basis for a claim of negligently selling, serving, or providing alcohol beverages, because in all other cases it is the consumption of alcohol beverages that is the proximate cause of the injury caused by the intoxicated person.

Here, it is undisputed that EPD was not in the business of providing or selling alcohol beverages, was not licensed to sell alcohol beverages, and the employee did not purchase or pay for the beer provided by EPD. Therefore, EPD could not be liable as a licensee under the exceptions to § 12–47–801(3).

Further, plaintiffs do not contend that the employee was acting within the scope of his employment when he was drinking beer or while driving his car, and they make no claim based on the doctrine of respondeat superior. All of plaintiffs' claims, although premised on different legal theories, are based on injuries and damages allegedly suffered because EPD provided beer to the employee and his subsequent operation of his own vehicle while intoxicated. Hence, EPD could be liable, if at all, only as a social host under the exceptions to § 12–47–801(4), but those exceptions do not apply.

Plaintiffs argue that EPD and its employee did not have a social host-guest relationship because they had an employer-employee relationship. Thus, they assert that § 12–47–801(4) does not apply, and EPD can be liable for their damages if it negligently supervised the employee who became intoxicated on its premises on beer it furnished. We do not agree.

Section 12–47–801, which provides the only basis for a cause of action for furnishing alcohol beverages, does not provide a cause of action based on an employer-employee relationship.

We also note that other jurisdictions with statutory limits on the liability of social hosts have treated an employer as a social host where the employer is not in the business of selling alcohol beverages. *See Beeson v. Scoles Cadillac Corp.,* 506 So.2d 999 (Ala.1987)(employer that hosted party on its premises and provided alcoholic beverages free of charge to its employees was a social host and not liable under dram shop act); *Mulvihill v. Union Oil Co.,* 859 P.2d 1310, 1313 (Alaska 1993)(holding that "it would be unwise and unfair to create what amounts to an exception to [the Alaska statute] by holding employers to a different liability standard than other social hosts"); *Vaughan v. Hair,* 645 So.2d 1177 (La.Ct.App.1994)(employer who permitted employees to drink alcoholic beverages on its premises after finishing their work considered a social host); *Behnke v. Pierson,* 21 Mich.App. 219, 175 N.W.2d 303 (1970)(statute that made no provision for holding social host liable applied to employer acting as a social host); *Meany v. Newell,* 367 N.W.2d 472 (Minn.1985)(refusing to distinguish employer from other social hosts and holding that employer providing intoxicating beverages to employee at employer sponsored party on employer's premises is a social host); David M. Holliday, Annotation, *Intoxicating Liquors: Employer's Liability for Furnishing or Permitting Liquor on Social Occasion,* 51 A.L.R.4th 1048, § 5 (1987).

Further, if we were to construe § 12–47–801(4) to exclude employers from the definition of "social hosts," the statute would exclude liability for an employer who willfully and knowingly provides an alcohol beverage to a person under the age of twenty-one years. Such a construction would violate the legislative intent to provide a cause of action in such circumstances. *See* § 12–47–801(4)(a)(I), C.R.S.2002.

Accordingly, we conclude that § 12–47–801(4) applies to an employer who acts as a social host, that EPD was acting here as a social host, and that EPD is not liable because the exceptions to § 12–47–801(4) do not apply in this situation.

Therefore, plaintiffs' wrongful death, negligence, and negligent supervision claims are barred by § 12–47–801(4). *See Charlton v. Kimata, supra* (prior version of statute precluded plaintiffs' common law negligence claims against social host for furnishing alcoholic beverages to adult guest).

## II.

■ Plaintiffs also contend that the trial court erred in dismissing their outrageous conduct claim. Again, we disagree.

The plain language of § 12–47–801(4)(a) states that a defendant cannot be held civilly liable for injuries suffered because of the intoxication of an adult to whom the defendant has provided alcohol beverages as a social host.

Here the evidence showed only that EPD made beer available to the employee and that EPD's officers did not prevent the employee from driving. This conduct can not be considered outrageous in the context of plaintiffs' claim and does not remove EPD from the protection of § 12–47–801.

Accordingly, we conclude that the trial court properly dismissed plaintiffs' claim for outrageous conduct.

The judgment is affirmed.

Judge CASEBOLT and Judge METZGER * concur.