WHITTAKER v JET-WAY, INC

Docket No. 83767. Submitted April 17, 1986, at Detroit. Decided July 7, 1986. Leave to appeal applied for.

Stanley J. Price, Jr., an employee of Jet-Way, Inc., attended a Christmas party hosted by Jet-Way on its premises at Willow Run Airport in Wayne County. While at the party, Price consumed alcoholic beverages provided by Jet-Way and became intoxicated. After Price left the party, the car which he was driving collided with another automobile, seriously injuring the occupants of the other vehicle. Calvin and Cheryl Whittaker were passengers in the other car, which was owned by Russell Wilson and being driven by Mary Wilson. Calvin Whittaker and Cheryl Whittaker, and Cheryl Whittaker, as next friend of Eric Whittaker, a minor, filed suit against Jet-Way, Inc., Stanley J. Price, Jr., Mary Wilson and Russell Wilson in Wayne Circuit Court seeking noneconomic damages. Concerning their claim against Jet-Way, plaintiffs alleged that Jet-Way breached its duties to maintain its premises in a reasonably safe condition, to warn persons on the premises of the dangers inherent in consuming alcohol, to stop serving alcohol to invitees who were visibly intoxicated, and to provide alternative transportation to its invitees who were too intoxicated to safely operate an automobile. Jet-Way moved for summary judgment as to the claim made against it on the ground that plaintiffs failed to state a claim against it. The court, Harry J. Dingeman, Jr., granted the motion in its entirety and dismissed plaintiffs' claims against Jet-Way. Plaintiffs appealed. *Held:*

1. The trial court did not err in granting Jet-Way's motion for summary dismissal. A third party has no cause of action against a social host who furnishes alcohol to a person who subsequently becomes a tortfeasor.

2. The trial court did not err in denying plaintiffs' motion for

REFERENCES

Am Jur 2d, Master and Servant §§ 404 *et seq.*

Common-law right of action for damage sustained by plaintiff in consequence of sale or gift of intoxicating liquor or habit-forming drug to another. 97 ALR3d 528.

Liability, under dramshop acts, of one who sells or furnishes liquor otherwise than in operation of regularly established liquor business. 8 ALR3d 1412.

a rehearing or in denying plaintiffs' motion to file a second amended complaint to plead the doctrine of respondeat superior. Plaintiffs' proposed second amended complaint failed to state a cause of action under the doctrine of respondeat superior.

Affirmed.

1. INTOXICATING LIQUORS — SOCIAL HOSTS.

An injured party has no civil cause of action against a social host for injuries or death caused by a person twenty-one years of age or older while under the influence of alcoholic beverages provided by the social host.

2. INTOXICATING LIQUORS — MASTER AND SERVANT — SOCIAL HOSTS — RESPONDEAT SUPERIOR.

The doctrine of respondeat superior cannot be invoked to create liability against an employer which hosted a party at which one of its employees became intoxicated and subsequently caused injury if the employee was not required to attend the party.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Robert L. Blamer*), for plaintiffs.

*Zamplas, Paskin, Nagi, Baxter, Johnson & Walker, P.C.* (by *David R. Baxter*), for defendant.

Before: M. J. KELLY, P.J., and SHEPHERD and C. W. SIMON,* JJ.

M. J. KELLY, P.J. Plaintiffs appeal as of right from an order of partial summary judgment granted December 4, 1984, dismissing Jet-Way, Inc., as a defendant in this action. Plaintiffs also appeal from the trial court's order of February 26, 1985, denying their motion for a rehearing or, in the alternative, for leave to file a second amended complaint. We affirm.

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiffs filed this action on January 28, 1983, for noneconomic damages suffered as the result of a motor vehicle accident which occurred on December 10, 1982. Plaintiffs Calvin and Cheryl Whittaker were passengers in a car driven by Mary Wilson and owned by Russell Wilson. The Wilson car was struck from behind by an automobile operated by defendant Stanley Price, Jr. The force of the impact caused plaintiffs' vehicle to roll over and burst into flames and both plaintiffs were left with serious and permanent injuries and disfigurements. Plaintiff Eric Whittaker's claim is derivative of that of his parents. Initially, Stanley Price, Jr., was the only named defendant.

On September 28, 1983, plaintiffs filed their first amended complaint adding Mary and Russell Wilson as well as Jet-Way, Inc., as party defendants. Stanley Price was an employee of Jet-Way and had attended a Christmas party hosted by Jet-Way on its premises at Willow Run Airport in Wayne County on the night of the accident. While at the party, Price consumed alcoholic beverages provided by Jet-Way and became intoxicated. Plaintiffs asserted the following claims against Jet-Way in their first amended complaint: (1) Jet-Way breached its duty to maintain its premises in a reasonably safe condition, (2) Jet-Way breached its duty to warn persons on the premises of the dangers inherent in consuming alcohol, (3) Jet-Way breached its duty to stop serving alcohol to invitees who were visibly intoxicated and (4) Jet-Way breached its duty to provide alternative transportation to its invitees who were too intoxicated to safely operate an automobile.

Jet-Way eventually moved for partial summary judgment for plaintiffs' failure to state a claim

against it.[1] Jet-Way argued that it could not, as a matter of law, be held liable for plaintiffs' injuries under the theory of premises liability because the accident did not occur on Jet-Way's premises. Defendant Jet-Way secondly pointed out that the remainder of plaintiffs' claims against Jet-Way related to the provision of alcoholic beverages at the party and were not actionable since, as a matter of law, social hosts cannot be held liable for the harm caused by intoxicated guests. The trial court granted Jet-Way's motion in its entirety and dismissed plaintiffs' claims against it. Plaintiffs do not challenge the dismissal of their premises liability claim and we thus limit our analysis to Jet-Way's liability as a social host or as an employer.

Under Michigan common law, it is not a tort to furnish intoxicating beverages to a person over twenty-one years of age. The theory behind this rule is that it is the drinking rather than the furnishing of the alcohol which is the proximate cause of any injury to a third party. *Longstreth v Gensel,* 423 Mich 675, 684, 686; 377 NW2d 804 (1985). See also *Westcoat v Mielke,* 108 Mich App 115; 310 NW2d 293 (1981), lv den 413 Mich 862 (1982), and *LeGault v Klebba,* 7 Mich App 640; 152 NW2d 712 (1967). Given the Supreme Court's comments in *Longstreth,* we decline plaintiffs' invitation to change the common law of this state and we instead leave that task, if it is to be performed at all, to the Supreme Court or Legislature as suggested in *Longstreth.* Because a third party has no cause of action against a social host who furnishes alcohol to the tortfeasor, the trial court did

---

[1] In support of its motion, defendant Jet-Way cited GCR 1963, 117.2(3) for authority rather than GCR 1963, 117.2(1), now MCR 2.116(C)(8). All parties and the trial court understood the nature of Jet-Way's motion and we review this case as though it had cited the proper court rule.

not err in this case in granting Jet-Way's motion for summary dismissal.

Nor did the trial court err in denying plaintiffs' motion for rehearing or in denying plaintiffs' motion to file a second amended complaint to plead the doctrine of respondeat superior. Plaintiffs assert that they have a cause of action against defendant under the rule announced in *Romeo v Van Otterloo,* 117 Mich App 333; 323 NW2d 693 (1982), lv den 417 Mich 1004 (1983), but we cannot agree. In *Romeo,* the defendant-employer hosted a party for one of its corporate clients in order to further the business relationship with the client. Defendant Van Otterloo was required by his employer to host the event, which was conducted outside normal business hours and at a location separate from defendant's normal place of business. Van Otterloo became intoxicated at the function and, while driving home, caused an automobile accident which fatally injured one person.

The trial court in *Romeo* granted summary judgment in favor of the employer for failure of the plaintiffs to state a cause of action. This Court reversed, however, holding that the plaintiff had stated a claim under the doctrine of respondeat superior:

> Here, in order to further its business, defendant required Van Otterloo to play the role of party host in circumstances where the possibility of alcohol consumption could be presumed. In doing so, defendant created the risk that Van Otterloo would become intoxicated and endanger others, including those in his path as he traveled home. These circumstances, as alleged in plaintiff's complaint, were sufficient to state a cause of action for negligent supervision by defendant of Van Otterloo. The trial court erred in granting summary judgment under GCR 1963, 117.2(1). [117 Mich App 343.]

Plaintiffs argue that the facts set forth in *Romeo* are similar to the facts involved in this case and conclude that Jet-Way should also be held liable under the doctrine of respondeat superior.

Unlike the employee in *Romeo,* however, the employee Price in this case attended his employer's party voluntarily and as a social invitee rather than in the course of fulfilling any employment duties. It is undisputed that the party hosted in this case was a company Christmas party open to customers, friends, employees, and employees' spouses. There is nothing to suggest that Price's attendance at Jet-Way's party was required and plaintiffs did not allege this element in their amended complaint. Defendant asserted at appellate oral argument that Price had admitted in his deposition that he was in fact not required to attend.[2] We find a remarkable similarity between the facts in this case and the facts outlined in *Behnke v Pierson,* 21 Mich App 219; 175 NW2d 303 (1970), in which we upheld the lower court's dismissal of the employer for the plaintiff's failure to state a cause of action.

Plaintiffs failed to state a cause of action under the doctrine of respondeat superior in their second amended complaint since there is no allegation that Stanley Price was acting in the course of his employment when he became intoxicated and caused the accident in question. The trial court thus properly denied plaintiffs' motion to file that complaint.

Affirmed.

---

[2] The trial court record in this case does not include any deposition transcripts so we rely only on the amended complaint.