## LESZCZYNSKI v JOHNSTON

Docket No. 85450. Submitted June 18, 1986, at Detroit. Decided October 8, 1986. Leave to appeal denied, 428 Mich 859.

Mark Johnston, an employee of Ken-Tec Corporation, was given a free ticket by Ken-Tec to attend a tool and die show in Detroit and was permitted to leave work an hour early in order to go to the show. At the show, Johnston visited a hospitality room sponsored by E & E Engineering, Inc., and while there consumed food and alcohol provided by Roumell Catering Company, Inc. After leaving the show, Johnston was involved in an automobile accident in which a vehicle driven by Geraldine Leszczynski was struck head-on by Johnston's vehicle. Geraldine Leszczynski and Leonard Leszczynski filed suit against Johnston, E & E Engineering, Inc., and Ken-Tec Corporation in Macomb Circuit Court alleging that Johnston was a guest of E & E at a business promotion, the purpose of which was monetary gain for E & E and that E & E was negligent in furnishing alcohol to Johnston, who was visibly intoxicated. There were no allegations of a violation of the dramshop act. E & E filed a third-party complaint against Roumell. E & E then moved for summary judgment as to plaintiffs' claims against it on the ground that there was no genuine issue as to any material fact and that it was entitled to judgment as a matter of law because there was no evidence that Johnston was intoxicated while at the hospitality room and because E & E owed no duty to plaintiff Geraldine Leszczynski. E & E also filed a motion for accelerated judgment on the ground that the common law does not recognize a cause of action for negligence in serving intoxi-

#### REFERENCES

Am Jur 2d, Appeal and Error §§ 727, 785, 853, 931 *et seq.*

Am Jur 2d, Intoxicating Liquors §§ 553-560, 578.

Common-law right of action for damage sustained by plaintiff in consequence of sale or gift of intoxicating liquor or habit-forming drug to another. 97 ALR3d 528.

Liability, under dramshop acts, of one who sells or furnishes liquor otherwise than in operation of regularly established liquor business. 8 ALR3d 1412.

See also the annotations in the Index to Annotations under Appeal and Error; Summary Judgment.

cating liquors to a visibly intoxicated person, that the dram-
shop act provides the exclusive remedy for serving intoxicating
liquors to a visibly intoxicated person and that plaintiffs' action
was barred by the two-year statute of limitations provision in
the dramshop act. The court, James C. Daner, J., found that
any dramshop claim of plaintiffs was barred by the two-year
statute of limitations period and that plaintiffs' common law
theories of liability were barred by the exclusive remedy provi-
sions of the dramshop act and granted accelerated judgment in
favor of E & E and summary judgment in favor of third-party
defendant Roumell. Plaintiffs appealed.

The Court of Appeals *held:*

1. Liability in this case may not be premised on the provi-
sions of the dramshop act since E & E is not a licensed liquor
retailer. Thus, the trial court improperly dismissed plaintiffs'
claims based upon the exclusive remedy and two-year statute of
limitations provisions of the dramshop act.

2. Plaintiffs failed to state a viable cause of action against E
& E. At common law a third party has no cause of action
against a social host who furnishes alcohol to a guest who is
visibly intoxicated. The trial court did not err in dismissing
plaintiffs' action against E & E.

Affirmed.

1. NEGLIGENCE — INTOXICATING LIQUORS — DRAMSHOP ACT.

   Liability against someone who is not a licensed liquor retailer
   may not be premised on the provisions of the dramshop act
   (MCL 436.22; MSA 18.993).

2. APPEAL — RIGHT RESULT FOR WRONG REASON.

   The Court of Appeals will generally affirm a trial court's decision
   arrived at for the wrong reasons as long as the right result has
   been reached.

3. APPEAL — ACCELERATED JUDGMENT — SUMMARY JUDGMENT.

   The Court of Appeals, when a trial court mistakenly grants a
   motion for accelerated judgment, may consider whether the
   decision may be upheld under the summary judgment rule
   where there is no prejudice to the opposing party.

4. INTOXICATING LIQUORS — SELLING OR FURNISHING INTOXICATING
   LIQUORS — COMMON LAW.

   It was not a tort at common law to sell or furnish intoxicating
   liquors to an adult, based upon a theory that it is the drinking
   rather than the furnishing of the liquor which is the proximate
   cause of the injury to a third party.

5. INTOXICATING LIQUORS — SOCIAL HOSTS — COMMON LAW.

> At common law a third party has no cause of action against a social host who furnishes alcohol to a guest who is visibly intoxicated.

*Lee E. Halsey* and *Jerald R. Lovell,* for plaintiff.

*Sullivan, Ward & Bone* (by *Michelle A. Thomas*), for E & E Engineering, Inc.

Before: ALLEN, P.J., and WAHLS and M. WARSHAWSKY,* JJ.

PER CURIAM. Plaintiffs appeal as of right from a circuit court order granting accelerated judgment in favor of defendant E & E Engineering, Inc., and summary judgment in favor of third-party defendant Roumell Catering Company, Inc. We affirm.

This action arises from an April 30, 1981, automobile collision in which a vehicle driven by plaintiff Geraldine Leszczynski was struck head-on by a vehicle driven by defendant Mark Johnston. Geraldine Leszczynski sustained serious injuries as a result of the collision.

The facts of the case are as follows. On April 30, 1981, a tool and die show was held at Cobo Hall in Detroit. Ken-Tec Corporation obtained several free tickets to the show and allowed many of its employees, including Johnston, to leave work an hour early to attend the show. While at the show, defendant Johnston visited E & E's hospitality room where he consumed food and alcohol. E & E had hired Roumell to cater the room. Johnston left the show with a co-worker. They drove around Detroit and made two stops, one at a bar, before returning to Johnston's home. Johnston left his home again, apparently to purchase gasoline. He

---

* Circuit judge, sitting on the Court of Appeals by assignment.

was subsequently involved in an automobile accident with Geraldine Leszczynski.

Plaintiffs originally filed suit against defendant Johnston only. Plaintiffs subsequently filed a first amended complaint adding E & E and Ken-Tec as party defendants. E & E also filed a third-party complaint against Roumell. Plaintiffs' first amended complaint alleged that Johnston was a guest of E & E at a business promotion, the purpose of which was monetary gain for E & E. Further, it was alleged that E & E was negligent in furnishing alcohol to Johnston, who was visibly intoxicated. There were no allegations of a violation of the dramshop act, MCL 436.22; MSA 18.993.

E & E filed a motion for summary judgment pursuant to GCR 1963, 117.2(3), now MCR 2.116(C)(10), asserting that there was no evidence that Johnston was intoxicated while at the hospitality room and that E & E owed no duty to plaintiff Geraldine Leszczynski. E & E also filed a motion for accelerated judgment pursuant to GCR 1963, 116.1(5), now MCR 2.116(C)(7), asserting that the common law does not recognize a cause of action for negligence in serving intoxicating liquors to a visibly intoxicated person, that the dramshop act provides the exclusive remedy for serving intoxicating liquors to a visibly intoxicated person, and that plaintiffs' action was barred by the two-year statute of limitations provision in the act.

The trial court heard oral argument on defendant's motions and took the matter under advisement. In a subsequent opinion, the trial court found that any dramshop claim of plaintiffs was barred by the two-year statute of limitations. The trial court further found that plaintiffs' common-law theories of liability were barred by the exclu-

sive remedy provisions of the dramshop act. Thus, the trial court granted accelerated judgment in favor of E & E and summary judgment pursuant to GCR 1963, 117.2(1), now MCR 2.116(C)(8), in favor of third-party defendant Roumell.

Plaintiffs argue on appeal that the trial court erred in granting accelerated judgment in favor of E & E. Plaintiffs assert that they brought only a common law claim against E & E for negligently serving alcoholic beverages to a visibly intoxicated person, that they did not file an action under the dramshop act, and that the two-year statute of limitations contained in the act is inapplicable to the instant case.

We agree with plaintiffs' assertion that their action against defendant E & E was a common-law negligence action and not a dramshop claim. Defendant E & E is not a licensed liquor retailer; therefore, liability may not be premised on the provisions of the dramshop act. *Guitar v Bieniek,* 402 Mich 152, 166; 262 NW2d 9 (1978); *Romeo v Van Otterloo,* 117 Mich App 333, 340; 323 NW2d 693 (1982), lv den 417 Mich 1004 (1983). We agree with plaintiffs that the trial court improperly dismissed plaintiffs' claims based upon the exclusive remedy and two-year statute of limitations provisions of the dramshop act. However, for different reasons than those of the trial court, we affirm the dismissal of plaintiffs' claim.

This Court will generally affirm a trial court's decision arrived at for the wrong reasons as long as the right result has been reached. *Smith v Motorland Ins Co,* 135 Mich App 33, 39; 352 NW2d 335 (1984), lv den 422 Mich 854 (1985). Further, when a trial court mistakenly grants a motion for accelerated judgment, we may consider whether the decision may be upheld under the summary

judgment rule where there is no prejudice to the plaintiff. *Gilbert v Grand Trunk W R Co,* 95 Mich App 308, 315; 290 NW2d 426 (1980), lv den sub nom *Gilbert v Criswell,* 410 Mich 854 (1980). We find that plaintiffs failed to state a viable common-law cause of action against defendant E & E; therefore, a grant of summary judgment would have been appropriate under GCR 1963, 117.2(1). Further, plaintiffs are not prejudiced by such a ruling because all parties understood the nature of E & E's motion and were aware that E & E was challenging the existence of a common-law cause of action for serving alcohol to a visibly intoxicated person.

At common law, it was not a tort to sell or furnish intoxicating liquors to an adult. This rule was based upon the theory that it is the drinking rather than the furnishing of the liquor which is the proximate cause of the injury to a third party. *Longstreth v Gensel,* 423 Mich 675, 684; 377 NW2d 804 (1985); *Whittaker v Jet-Way, Inc,* 152 Mich App 795; 394 NW2d 111 (1986).

In *Whittaker,* the plaintiffs were seriously injured in an automobile accident which occurred when the vehicle in which they were passengers was struck from behind by a vehicle driven by Stanley Price. Price was an employee of defendant Jet-Way and had attended a Christmas party hosted by Jet-Way on the evening of the accident. While at the party, Price consumed alcoholic beverages provided by Jet-Way and became intoxicated. Plaintiffs sought to hold Jet-Way liable for serving alcohol to a guest who was visibly intoxicated. The trial court granted summary judgment in favor of Jet-Way. This Court affirmed. In doing so, this Court specifically declined to change the common law of this state by recognizing a cause of action against a social host who furnishes alcohol

to a tortfeasor. We also decline to make such a change in the common law in the case at bar.

Plaintiffs strenuously argue that a common-law cause of action exists against E & E under the rule announced in *Romeo, supra.* We disagree. In *Romeo,* the defendant-employer hosted a party for one of its corporate clients to further its business relationship with that client. Defendant Van Otterloo was requested by his employer to host the party. Van Otterloo became intoxicated while performing his function as host on behalf of his employer. On his way home from the party, Van Otterloo was involved in an automobile accident which fatally injured one person.

The trial court in *Romeo* granted summary judgment in favor of the defendant-employer for the plaintiff's failure to state a claim on which relief could be granted. This Court reversed, holding that the plaintiff had stated a valid cause of action under the doctrine of respondeat superior and for negligent supervision. This Court found that the defendant had required Van Otterloo to play the role of host in circumstances where it was likely that alcohol would be consumed. In doing so, the defendant created the risk that Van Otterloo would become intoxicated and endanger others.

The facts of the instant case, however, are easily distinguished from *Romeo.* Johnston was not an employee of E & E who was required to host E & E's hospitality room. Rather, Johnston voluntarily visited E & E's hospitality room as a social guest.

We hold that plaintiffs have failed to state a viable cause of action against defendant E & E. At common law, a third party has no cause of action against a social host who furnishes alcohol to a guest who is visibly intoxicated. The trial court did not err in dismissing plaintiffs' action against E & E. We decline to address the issue raised in E & E's cross-appeal as our disposition of the case renders it moot.

Affirmed.