RIBBENS v JAWAHIR

Docket No. 103168. Submitted August 18, 1988, at Grand Rapids. Decided September 22, 1988. Leave to appeal denied, 432 Mich —.

John Carl Ribbens, as next friend of John Ribbens, Jr., brought an action in Kent Circuit Court against Vivian P. Jawahir, Jane Jawahir and John Jawahir. Plaintiff alleged that John Ribbens, Jr., sustained serious injuries in an automobile accident caused by Michael Leonard and that defendants were liable for negligence pursuant to the Liquor Control Act because they had served Leonard with alcoholic beverages that caused his intoxication at a party they hosted at their home. Defendants moved for summary disposition, contending that they could not be liable as alleged since Leonard was at least twenty-one years of age. Plaintiff moved to amend his complaint in order to allege additional violations of the Liquor Control Act by defendants. The trial court, George V. Boucher, J., granted defendants' motion and denied plaintiff's motion. Plaintiff appealed.

The Court of Appeals held:

1. The Liquor Control Act provides an injured party with no cause of action against a social host for injuries or death caused by a person who was under the influence of alcoholic beverages provided by the social host where the intoxicated person is twenty-one years of age or older.

2. The trial court did not err in denying plaintiff's motion to file an amended complaint since the proposed amendments were futile.

Affirmed.

INTOXICATING LIQUORS — LIQUOR CONTROL ACT — SOCIAL HOSTS.

The Liquor Control Act provides an injured party with no cause of action against a social host for injuries or death caused by a person who was under the influence of alcoholic beverages provided by the social host where the intoxicated person is

REFERENCES

Am Jur 2d, Intoxicating Liquors § 553 et seq.

Social host's liability for injuries incurred by third persons as result of intoxicated guest's negligence. 62 ALR4th 16.

twenty-one years of age or older (MCL 436.1 *et seq.*; MSA 18.971 *et seq.*).

*Sawyer & Thieme, P.C.* (by *R. Kevin Thieme*), for plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Paul Van Oostenburg*), for defendants.

Before: MACKENZIE, P.J., and McDONALD and R. ROBINSON,* JJ.

PER CURIAM. Plaintiff appeals as of right from the August 21, 1987, orders denying plaintiff's motion to file a second amended complaint and granting defendants' motion for summary disposition in this "social host" negligence claim. We affirm.

On August 4, 1984, Michael Leonard, then at least twenty-one years of age, attended a party hosted by nineteen-year-old defendant John Jawahir, at the residence of Jawahir's parents, defendants Vivian and Jane Jawahir. After leaving the party, the allegedly intoxicated Leonard drove his vehicle into John Ribbens, Jr.'s, lane of travel, causing Ribbens severe injuries.

Plaintiff filed the instant complaint against defendants. Plaintiff's complaint, citing the Liquor Control Act, MCL 436.1 *et seq.*; MSA 18.971 *et seq.*, alleged negligence in defendants Vivian and Jane Jawahir's entrustment of alcohol to a minor, as well as their failure to properly supervise John Jawahir's activities at the party. Plaintiff also alleged that the minor, defendant John Jawahir, in violation of various statutes, negligently dispensed or furnished alcoholic beverages to others.

Defendants filed a motion for summary disposi-

---

* Former circuit judge, sitting on the Court of Appeals by assignment.

tion pursuant to MCR 2.116(C)(8) and (10), claiming that a "social host" liquor liability cause of action is limited to damages arising from the furnishing or serving of alcohol to minors, whereas in the instant case, Leonard was at least twenty-one years old. Following a hearing on the motion, the trial court agreed with defendants and ruled that plaintiff's theory of liability "would extend the law of Michigan beyond its present boundaries."

Prior to the entry of the order granting defendants' motion for summary disposition, plaintiff sought to file a second amended complaint. While plaintiff's first amended complaint referenced factual allegations to some statutory violation sections, the second amended complaint added citations to the language which described the alleged Liquor Control Act violations. Following an August 21, 1987, hearing, the trial court denied plaintiff's motion to amend, and entered the orders herein appealed from.

We find no error. Michigan case law is clear. Social host liability, predicated upon violation of the Liquor Control Act, does not extend to social hosts who serve alcohol to an adult who subsequently injures a third party as a result of his intoxication. See *Longstreth v Gensel,* 423 Mich 675; 377 NW2d 804 (1985); *Whittaker v Jet-Way Inc,* 152 Mich App 795; 394 NW2d 111 (1986); *Leszczynski v Johnston,* 155 Mich App 392; 399 NW2d 70 (1986).

Since plaintiff's second amended complaint could not alter the fact that Leonard was an adult, the amendment was futile and the trial court did not err in denying plaintiff's motion to file an amended complaint. *Burgess v Holloway Construction Co,* 123 Mich App 505; 332 NW2d 584 (1983).

Affirmed.