KUEHN v EDWARD ROSE & SONS

Docket No. 113218. Submitted March 20, 1991, at Lansing. Decided May 7, 1991, at 10:35 A.M.

Gerard Kuehn brought an action in the Oakland Circuit Court against Edward Rose & Sons and Curtis Bolderson, alleging that Edward Rose & Sons was liable under the dramshop act, MCL 436.22; MSA 18.993, and liable for negligence as a social host for injuries he sustained at the hands of Bolderson. The plaintiff and Bolderson, an adult, had attended a party at the clubhouse of an apartment complex owned by the defendant. The party was one in a series of weekly parties organized by the defendant for tenants and financed with an admission charge covering the cost of beer, food, and music. The court, Alice L. Gilbert, J., granted summary disposition for Edward Rose & Sons. The plaintiff appealed.

The Court of Appeals *held:*

The trial court did not err in granting summary disposition.

1. Edward Rose & Sons was not within the class of persons chargeable under the dramshop act nor did it maintain operations tantamount to those maintained by persons within that class.

2. Liability for negligently furnishing alcohol does not extend to social hosts who serve alcohol to adults who subsequently injure third parties.

Affirmed.

*Draugelis & Ashton* (by *John A. Ashton*), for the plaintiff.

*Law Offices of Natinsky & Jaffa* (by *Ronald Y. Gutman*), for the defendant.

Before: HOOD, P.J., and JANSEN, and G. S. ALLEN,* JJ.

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Plaintiff appeals as of right from a circuit court order granting defendant Edward Rose & Sons' motion for summary disposition pursuant to MCR 2.116(C)(8), (10). We affirm.

Defendant owned and operated the Village Apartments where plaintiff and codefendant Curtis Bolderson were tenants. Defendant's social director, June Stevens, organized and held weekly parties for the tenants at the apartment clubhouse every Friday night for ten years before the night of plaintiff's injuries. Admission to these parties was $3, which covered the cost of beer, snacks, and a disc jockey. Stevens did not supervise alcohol consumption, and any surplus admission money collected was placed into a separate bank account for use at future parties.

On May 14, 1986, plaintiff attended the weekly Friday night party at the clubhouse. Bolderson, who was also in attendance, had become involved in an altercation with another person at the party, but had left the clubhouse before plaintiff and sat in his van in the parking lot.

As the party broke up, plaintiff left with a group of people. Apparently, Bolderson recognized one of these people as the person with whom he had argued during the party and drove his van into the crowd, severely injuring plaintiff. In his amended complaint, plaintiff alleged that defendant was liable for his injuries for furnishing Bolderson with intoxicating liquor in violation of the dramshop act, MCL 436.22; MSA 18.993. Plaintiff also claimed that defendant was liable for common-law negligence as a "social host." Both claims were dismissed by the trial court pursuant to MCR 2.116(C)(8), (10).

We have reviewed the record and conclude that summary disposition in favor of defendant was proper with regard to both counts. Defendant was

not within the class of "persons" chargeable under the dramshop act, nor did it maintain operations "tantamount" to those maintained by persons within that class. *Guitar v Bieniek,* 402 Mich 152, 166-168; 262 NW2d 9 (1978). See also *Leszczynski v Johnston,* 155 Mich App 392; 399 NW2d 70 (1986). Furthermore, liability for negligently furnishing alcohol does not extend to social hosts who serve alcohol to adults who subsequently injure third parties. *Ribbens v Jawahir,* 175 Mich App 540, 542; 438 NW2d 252 (1988); *Whittaker v Jet-Way, Inc,* 152 Mich App 795, 797; 394 NW2d 111 (1986). See also *Longstreth v Gensel,* 423 Mich 675; 377 NW2d 804 (1985).

Affirmed.